IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Ehrhardt, | Civil Action No. 1:20-cv-2803-CMC |
| Plaintiff, | |
| vs. | |
| | **ORDER** |
| Michael Stephan, Warden of BRCI; and Correctional Officer FNU Lewis, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint filed July 31, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On August 4, 2020, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without prejudice for Plaintiff to bring his claims in an appropriate court. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. In response, Plaintiff filed a "Motion to Appeal Dismissal" (ECF No. 10) and a letter (ECF No. 11).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's motion to appeal dismissal, construed as objections[1] for the purpose of this order, further explains the factual basis for his claim. ECF No. 10. He notes he followed SCDC Grievance and administrative law court procedures in an attempt to seek return of his property or compensation for property loss. *Id.* at 4. He requests information regarding the correct court in which to bring his claims, if this court is not appropriate. His letter simply notes he made an error and the Administrative Law Court Judge was Judge Kimpson, not Judge Robinson. ECF No. 11.

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation this matter must be dismissed. Plaintiff's claim for negligent or intentional loss of property by a state employee is not a claim that can be brought under § 1983.[2] The court further agrees § 1983 supervisory liability cannot attach for this claim. Accordingly, the court adopts the Report by reference in this Order. This matter is dismissed without prejudice and without issuance and service of process.

---

[1] As the Magistrate Judge's Report was not a final Order, Plaintiff was not required to appeal, but rather to object to the Report. This court construes his appeal as objections.

[2] See S.C. Code §§ 15-78-80 – 15-78-110 for correct procedures to follow.

2

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 24, 2020